United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHOSHA KELLMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WHOLE FOODS MARKET, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-06584-LB<br><br>**ORDER ADJUDICATING DISPUTES REGARDING JURISDICTIONAL DISCOVERY**<br><br>Re: ECF No. 68 |

## INTRODUCTION

The court assumes the reader's familiarity with the subject matter and procedural history of this case and the parties' jurisdictional discovery.[1] The parties raise six disputes regarding the scope of jurisdictional discovery.[2] The court can adjudicate the parties' disputes without a hearing. N.D. Cal. Civ. L.R. 7-1(b). For the following reasons, the court adopts the defendants' proposals for the six disputes.

---

[1] *See* Order Granting in Part and Denying in Part Defs. Mot. to Dismiss – ECF No. 45; Order Granting in Part Pl. Mot. for Jurisdictional Discovery – ECF No. 61. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Letter Br. – ECF No. 68.

ORDER – No. 17-cv-06584-LB

United States District Court
Northern District of California

**ANALYSIS**

The court first addresses two preliminary matters that apply across the various disputes.

The first is the standard for jurisdictional discovery. While a district court is vested with broad discretion to permit or deny jurisdictional discovery, courts generally require a plaintiff to make out a "colorable basis" for jurisdiction to warrant discovery. *See, e.g.*, *Teras Cargo Transp. (Am.) LLC v. Cal Dive Int'l (Austl.) Pty Ltd.*, No. 15-cv-03566-JSC, 2015 WL 6089276, at *8 (N.D. Cal. Oct. 16, 2015) (citing cases). Courts may properly deny jurisdictional discovery where "there is insufficient evidence to give rise to more than a 'hunch'" that discovery will make out a case for exercising personal jurisdiction over a defendant. *See id.* (denying jurisdictional discovery where "there is insufficient evidence to give rise to more than a 'hunch' that jurisdictional discovery might assist [plaintiff] in making out a case for personal jurisdiction over [defendant]" and observing that "speculation cannot rise above the 'mere hunch' bar that the Ninth Circuit requires cleared to obtain jurisdictional discovery") (citing *Corcera Sols., LLC v. Razor, Inc.*, No. 5:13-cv-05113-PSG, 2014 WL 587869, at *3 (N.D. Cal. Feb. 14, 2014)).

Second, in several of the discovery disputes, plaintiff Shosha Kellman references "alter ego" or "agency" theories of personal jurisdiction, often together in the same breath.[3] It is important to note that these standards are distinct and not interchangeable.

An out-of-state defendant that has an in-state affiliate that operates as its alter ego may be subject to imputed general jurisdiction based on its in-state affiliate's contacts. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2017). "To satisfy the alter ego test, a plaintiff 'must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice.'" *Id.* at 1073 (some internal quotation marks and internal brackets omitted) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). "The 'unity of interest and ownership' prong of this test requires 'a showing that the parent controls the

---

[3] *See, e.g.*, *id.* at 1 (arguing that intercompany agreements "bear upon whether there is an agency or alter-ego relationship").

subsidiary to such a degree as to render the latter the mere instrumentality of the former.'" *Id.* (quoting *Unocal*, 248 F.3d at 926). "This test envisions pervasive control over the subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business — from broad policy decisions to routine matters of day-today operation.'" *Id.* (quoting *Unocal*, 248 F.3d at 926). "Total ownership and shared management personnel are alone insufficient to establish the requisite level of control." *Id.* (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)). "[A] plaintiff does not meet the 'unity of interest and ownership' prong when the evidence shows only 'an active parent corporation involved directly in decision-making about its subsidiaries' holdings,' but each entity 'observes all of the corporate formalities necessary to maintain corporate separateness.'" *Id.* (internal brackets omitted) (quoting *Unocal*, 248 F.3d at 928).

By contrast, an out-of-state defendant may not be subject to imputed general jurisdiction based on the fact that it has an in-state affiliate that acts as its agent but not its alter ego. *See id.* at 1071 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 134–35 (2014)). At most, an agency relationship may give rise to specific jurisdiction, but it does not give rise to general jurisdiction. *See, e.g.*, *HaloSongs, Inc. v. Sheeran*, No. SACV 16-1062 JVS (JCGx), 2017 WL 5198248, at *8 (C.D. Cal. Jan. 13, 2017).

With those preliminary matters addressed, the court turns to the parties' specific disputes.

### 1. Agreements of Whole Foods Market, Inc. ("WFMI")

WFMI states that it has no intercompany agreements with Whole Foods Market California, Inc. ("WFM California") or Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's") — the two entities that own and operate Whole Foods stores in California — and no intercompany agreements generally for the operation of California stores or the manufacture, advertising, distribution, or sale of the disputed products.[4]

---

[4] *Id.* at 2.

Ms. Kellman seeks not just WFMI's agreements with WFM California or Mrs. Gooch's but also its agreements with any Whole Foods "California entity," which she defines as "any entity that is wholly or partially owned by WFMI or its subsidiaries and that is based in California or conducts or causes another to conduct the majority of its business in California."[5] Ms. Kellman argues that "[e]ven where the agreements do not touch upon private label products, they bear upon whether there is an agency or alter-ego relationship, and whether exercising jurisdiction over WFMI would be reasonable."[6]

Ms. Kellman's alter-ego theory does not warrant this discovery. Ms. Kellman does not show a colorable basis or more than a hunch that WFMI has an alter-ego relationship with any Whole Foods entity based in California, i.e., that WFMI "dictates every facet of [the other entity]'s business — from broad policy decisions to routine matters of day-today operation" and "controls the [other entity] to such a degree as to render the latter the mere instrumentality of [WFMI]." *Cf. Nike*, 793 F.3d at 1073.

Ms. Kellman's agency theory also does not warrant this discovery. An agency relationship can at most give rise only to specific jurisdiction, not general jurisdiction. *HaloSongs*, 2017 WL 5198248, at *8. Ms. Kellman wants discovery into agreements that do not touch on WFM California (the in-state defendant here) and "do not touch upon private label products" (the products at issue here).[7] Those would not give rise to specific jurisdiction, which "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Kellman v. Whole Foods Mkt., Inc.*, 313 F. Supp. 3d 1031, 1044 (N.D. Cal. 2018) (internal quotation marks omitted) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017)).[8]

The court adopts the defendants' proposal on dispute 1.

---

[5] *Id.*

[6] *Id.* at 1.

[7] *Id.*

[8] Order Granting in Part and Denying in Part Defs. Mot. to Dismiss – ECF No. 45.

ORDER – No. 17-cv-06584-LB 4

## 2. Intercompany Agreements

Subject to the entry of a protective order,[9] the defendants have agreed to produce their governing entity roster and two intercompany agreements and one quitclaim transfer that they state are responsive to Ms. Kellman's request.[10] Ms. Kellman has not shown a basis for discovery into the additional agreements she requests, which include agreements that "do[] not touch upon private label products[.]"[11]

The court adopts the defendants' proposal on dispute 2.

## 3. Agreements of WFMI, Whole Foods Market Services, Inc. ("WFM Services"), or Whole Foods Market Distribution, Inc. ("WFM Distribution")

The defendants have agreed to produce the private-label vendor agreements relating to the disputed products.[12] Ms. Kellman has not shown a basis for discovery into the additional agreements she requests, which include agreements encompassing the marketing, advertising, sale, etc., of all Whole Foods private-label products generally, in any location generally.

The court adopts the defendants' proposal on dispute 3.

## 4. Past Declarations Filed by WFMI, WFM Services, or WFMI Distribution

Ms. Kellman's request for "all declarations filed by any employee or officer of WFMI, WFM Services, or WFM Distribution in the last ten years (a) in any California state court, (b) filed under seal in any federal court in California, or (c) filed under seal in any federal court where venue was transferred to or from any court (federal or state) within California"[13] — a request that is not

---

[9] To date, the parties have not submitted a proposed protective order to the court. *See* Docket. The parties have not indicated that they have any disputes regarding a protective order, so the court assumes they have agreed, or can agree, on whether a protective order should be entered and what form the order should take. The court is ready to review any proposal the parties may wish to submit.

[10] Joint Letter Br. – ECF No. 68 at 3.

[11] *Id.* at 2.

[12] *Id.* at 4.

[13] *Id.* at 5.

limited to declarations concerning jurisdiction or the allegations at issue in this case but covers declarations on any topic — calls for irrelevant documents and is overbroad and disproportionate to the jurisdictional issues here.

The court adopts the defendants' proposal on dispute 4.

### 5. Alter Ego and Corporate Veil

Ms. Kellman bases her Request for Production 6 on a theory that "WFM Distribution is an alter ego of WFMI and is being used to perpetuate a fraud,"[14] but she does not provide any facts or evidence to support this claim. She does not show a colorable basis or more than (at most) a hunch to accompany her assertion.

The court adopts the defendants' (implicit) proposal on dispute 5, i.e., that they need not respond to Ms. Kellman's RFP 6.

### 6. Rule 30(b)(6) Deposition Topics

The topics identified in Ms. Kellman's Rule 30(b)(6) deposition notice — which include (1) "[t]he subject matter of every document described in Plaintiffs' Document Requests," (2) the defendants' role with respect to "any Whole Foods private label products" (including products not at issue in this case), and (3) the defendants' "revenue sharing, governance, and decision-making authority"[15] (without more than a hunch that this revenue-sharing or governance will support her jurisdictional theories) — are overbroad and disproportionate to the jurisdictional issues here.

The court adopts the defendants' proposal on dispute 6.

---

[14] *Id.*

[15] Notice of Deposition – ECF No. 68-2 at 3.

ORDER – No. 17-cv-06584-LB    6

## CONCLUSION

The court adopts the defendants' proposals for the six disputes identified in the parties' joint letter brief.

**IT IS SO ORDERED.**

Dated: October 16, 2018

_____
LAUREL BEELER
United States Magistrate Judge