1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

San Francisco Division

11

| SHOSHA KELLMAN, on behalf of herself and all others similarly situated, | Case No. 17-cv-06584-LB |
|---|---|
| Plaintiff, | |
| v. | **ORDER (1) GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND (2) GRANTING AS MODIFIED MOTIONS TO SEAL FILINGS** |
| WHOLE FOODS MARKET, INC., et al., | |
| Defendants. | Re: ECF No. 72, 75, 78, 86 |

12

13

14

15

16

17

**INTRODUCTION**

18

Plaintiff Shosha Kellman brings this putative consumer class action against four corporate

19

entities associated with the Whole Foods supermarket chain. Ms. Kellman alleges that Whole

20

Foods has been mislabeling certain of its private-label household and body-care products as

21

"hypoallergenic" despite the fact that they contain known allergens.

22

Ms. Kellman's current operative pleading is her third amended complaint ("3AC").[1] There are

23

three pending motions. First, the defendants filed a motion to dismiss in part the 3AC.[2] Second,

24

25

26

---

[1] 3AC – ECF No. 49. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

27

[2] Defs. Mot. to Dismiss – ECF No. 52.

28

1  Ms. Kellman filed a motion for leave to amend and file a fourth amended complaint ("4AC").[3]

2  Third, the defendants ask that several of the exhibits to the parties' motion-to-dismiss and motion-

3  to-amend briefing and the discussions of those exhibits in the briefs be sealed on the ground that

4  they contain Whole Foods trade secrets.[4]

5  The court can address these motions without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court

6  (1) grants Ms. Kellman's motion for leave to amend and file a 4AC and (2) grants the motions to

7  seal as narrowed in the defendants' supplemental statement of November 19, 2018.[5] The court

8  denies without prejudice the defendants' motion to dismiss in part the 3AC as moot. The

9  defendants may re-raise their arguments (if they choose) in a motion to dismiss the 4AC.

10

11  **STATEMENT**

12  Ms. Kellman brings this putative consumer class action on behalf of two putative classes: one

13  of all U.S. residents who purchased these products (the "Putative Nationwide Class") and one of

14  all California residents who bought these products (the "Putative California Class."). Ms.

15  Kellman's 3AC names as defendants (1) Whole Foods Market, Inc. ("WFMI"), the parent Whole

16  Foods holding company, (2) Whole Foods Market California, Inc. ("WFM California"), a

17  subsidiary that operates Whole Foods retail stores in northern California, (3) Whole Foods Market

18  Services, Inc. ("WFM Services"), a subsidiary that allegedly provides various administrative

19  services to other Whole Foods entities, and (4) Whole Foods Market Distribution, Inc. ("WFM

20  Distribution"), a subsidiary that allegedly distributes Whole Foods's private-label products to its

21  retail stores.[6] WFMI, WFM Services, and WFM Distribution moved to dismiss the claims against

22

23

24

25  [3] Pl. Mot. to Amend – ECF No. 75.

26  [4] Pl. Admin. Mot. to Seal – ECF No. 72; Defs. Admin. Mot. to Seal – ECF No. 78; Defs. Statement in Supp. of Admin. Mots. to Seal – ECF No. 86.

27  [5] Defs. Statement in Supp. of Admin. Mots. to Seal – ECF No. 86.

[6] 3AC – ECF No. 49.

28

United States District Court
Northern District of California

1   them for lack of personal jurisdiction, and all four defendants moved to dismiss Ms. Kellman's

2   claims on behalf of the Putative Nationwide Class.[7]

3   The court permitted Ms. Kellman to take certain jurisdictional discovery of the defendants.[8]

4   Following jurisdictional discovery, Ms. Kellman filed an opposition to the defendants' motion to

5   dismiss.[9] Ms. Kellman attached as exhibits several documents that she received in discovery that

6   the defendants had marked "confidential" or "highly confidential" pursuant to the protective order

7   in this case.[10] Pursuant to the protective order, Ms. Kellman filed an administrative motion to seal

8   those exhibits and portions of her opposition brief that discussed those exhibits.[11]

9   The defendants filed a reply in support of their motion to dismiss.[12] The defendants reply cited

10  to several of Ms. Kellman's exhibits that were subject to the pending motion to seal.[13] The

11  defendants filed an administrative motion to seal portions of their reply brief that discussed the

12  exhibits.[14]

13  The court granted in part and provisionally denied the motions to seal.[15] With respect to the

14  denial, the court held that the defendants had not sufficiently shown that the materials to be sealed

15  were trade secrets or otherwise entitled to protection under the law and that the proposed sealing

16  and redactions were not narrowly tailored. *Cf.* N.D. Cal. Civ. L.R. 79-5(b). The court allowed the

17  defendants to file a supplemental declaration showing why the materials should be sealed,

18

19

20

---

21  [7] Defs. Mot. to Dismiss – ECF No. 52.

22  [8] Order – ECF No. 61.

    [9] Pl. Mot. to Dismiss Opp'n – ECF No. 73.

23  [10] Pl. Admin. Mot. to Seal – ECF No. 72 at 2.

24  [11] *Id.* Ms. Kellman filed the motion to seal to comply with the protective order and herself takes no
    position as to whether those exhibits were sealable or not. *Id.*

25  [12] Defs. Mot. to Dismiss Reply – ECF No. 79.

26  [13] *Id.* at 7, 10, 12–14 (redacted).

27  [14] Defs. Admin. Mot. to Seal – ECF No. 78.

    [15] Order – ECF No. 80.

28

ORDER – No. 17-cv-06584-LB                3

1    narrowly tailored to the specific portions of the materials that they believe should be sealed.[16] The

2    defendants filed a supplemental declaration.[17]

3        In addition to filing an opposition to the defendants' motion to dismiss, Ms. Kellman filed a

4    motion for leave to file a 4AC.[18] Ms. Kellman's proposed 4AC dismisses WFMI as a defendant

5    and adds a new defendant, WFM Private Label, L.P., in addition to WFM California, WFM

6    Services, and WFM Distribution.[19]

7        The defendants oppose Ms. Kellman's motion to amend, arguing that (1) the court lacks

8    personal jurisdiction over WFM Services and WFM Distribution and that, if Ms. Kellman were

9    allowed to amend her complaint, those defendants would have to challenge personal jurisdiction

10   again, and (2) Ms. Kellman's 4AC attaches as exhibits confidential internal Whole Foods

11   documents and that, if the court were to grant the defendants' motion to dismiss WFM Services

12   and WFM Distribution now, there would be no need for those documents to be attached to the

13   4AC.[20]

14

15                                        **ANALYSIS**

16   **1.  Motion to Amend**

17       **1.1    Governing Law**

18       Under Federal Rule of Civil Procedure 15(a), outside of a one-time "matter of course"

19   amendment, a party may amend its pleading "only with the opposing party's consent or the court's

20   leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

21   This leave policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*,

22   316 F.3d 1048, 1051 (9th Cir. 2003). A court considers five factors to determine whether to grant

23   leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

24   _____

25   [16] *Id.* at 5.

26   [17] Defs. Statement in Supp. of Admin. Mots. to Seal – ECF No. 86.

     [18] Pl. Mot. for Leave to Amend – ECF No. 75.

27   [19] Proposed 4AC – ECF No. 75-1.

28   [20] Defs. Mot. for Leave to Amend Opp'n – ECF No. 81 at 2–3.

1       amendment, and (5) whether the plaintiff previously amended his complaint. *See Nunes v.*

2       *Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Of the factors, prejudice to the opposing party is the

3       "touchstone of the inquiry under rule 15(a)" and "carries the greatest weight." *See Eminence*

4       *Capital*, 316 F.3d at 1052. Absent prejudice or a strong showing on other factors, a presumption

5       exists under Rule 15(a) favoring granting leave to amend. *See id.* The party opposing a motion to

6       amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

7       187 (9th Cir. 1987).

8       **1.2    Application**

9           There is at most a weak showing of prejudice to the defendants. The defendants raise two

10      arguments: (1) having to file a new motion to dismiss and (2) that the proposed 4AC attaches as

11      exhibits documents that the defendants assert are confidential. Regarding the first issue, while the

12      defendants may have to file a new motion to dismiss the 4AC, many if not all of their arguments

13      with respect to WFM Services and WFM Distribution will be the same as the ones they advanced

14      with respect to the 3AC, so the prejudice from having to file a new motion is limited. *Cf. Dante*

15      *Valve Co. v. Rep. Brass Sales, Inc.*, No. 17-cv-2582-AJB-WVG, 2018 WL 2215281, at \*2–3 (S.D.

16      Cal. May 14, 2018) (granting motion for leave to amend and finding at most "a weak showing of

17      prejudice" to defendants where "[plaintiff] is not advancing alternate legal theories and the

18      proposed [amended complaint] merely contains additional supporting, but not different, facts not

19      alleged in the motions to dismiss" and "[defendant] will not be required to expend *significant*

20      additional resources to [move to dismiss] since the core legal theories upon which the initial

21      amended complaint is based on have not been altered by the [new amended complaint]")

22      (emphasis in original). Regarding the second issue, the documents at issue have been filed on the

23      docket already, so the confidentiality issue is in play in any event. As discussed below, the court is

24      granting the narrowed motions to seal, which addresses the defendants' confidentiality concerns.

25          While Ms. Kellman has previously amended her complaint several times, there is no showing

26      of bad faith or undue delay on her part. The court considered the defendants' futility arguments

27      but to the extent that they exist, they can be addressed through future motions or in a case-

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    management context. Considering the court's knowledge of the entire case and taking all factors

2    into consideration, the court finds good cause and grants Ms. Kellman's motion to file a 4AC.

3

4    **2. Motions to Seal**

5        **2.1    Governing Law**

6    "'[Courts] start with a strong presumption in favor of access to court records.'" *Ctr. for Auto*

7    *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm*

8    *Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Accordingly, a party seeking to seal a

9    judicial record then bears the burden of overcoming this strong presumption by meeting the

10   'compelling reasons' standard." *Id.* (some internal quotation marks and internal brackets omitted)

11   (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The Ninth

12   Circuit has carved out an exception to this rule, under which "a party need only satisfy the less

13   exacting 'good cause' standard." *Id.* at 1097 (citing *Foltz*, 331 F.3d at 1135). The Ninth Circuit

14   has at times discussed the test of whether to apply the presumptive "compelling reasons" standard

15   or the "good cause" exception as turning on whether the court filing in question was "dispositive"

16   or "non-dispositive." *Id.* (citing cases). The Ninth Circuit has clarified that the descriptions

17   "dispositive" and "non-dispositive" are meant to be merely "indicative" and not meant to be

18   "mechanical classifications." *Id.* at 1098. Rather, the test of whether the presumptive "compelling

19   reasons" standard or the "good cause" exception should apply "will turn on whether the motion is

20   more than tangentially related to the merits of a case." *Id.* at 1101. Courts have found that motions

21   to dismiss for lack of personal jurisdiction or motions to amend a pleading "do[] not resolve the

22   merits of the underlying causes of action, and [are] only tangentially related to the merits," and

23   have applied the good-cause standard in deciding motions to seal such filings. *Real Action*

24   *Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, No. 14-cv-02435-MEJ, 2015 WL

25   1534049, at \*3 (N.D. Cal. Apr. 2, 2015) (citing cases).

26   Local Rule 79-5 provides that a sealing order may be issued only upon a request that

27   (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret

28   or otherwise entitled to protection under the law," and (2) is "narrowly tailored to seek sealing

1    only of sealable material." N.D. Cal. Civil L.R. 79-5(b). The Ninth Circuit has indicated in an

2    unpublished decision that contractual "pricing terms, royalty rates, and guaranteed minimum

3    payment terms" may constitute trade secrets that warrant sealing. *Elec. Arts, Inc. v. U.S. Dist. Ct.*

4    *(In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008). In that case, the district court

5    originally denied a motion by the software company Electronic Arts to seal a paragraph of a

6    licensing agreement that contained pricing terms, royalty rates, and guaranteed minimum payment

7    terms. *Id.* The Ninth Circuit held that the district court's decision not to seal the agreement

8    paragraph was clear error. *Id.* at 569–70. The Ninth Circuit held that a "trade secret may consist of

9    any formula, pattern, device or compilation of information which is used in one's business, and

10   which gives him an opportunity to obtain an advantage over competitors who do not know or use

11   it,'" and that the pricing, royalty, and payment terms Electronic Arts sought to have sealed

12   "plainly falls within the definition of 'trade secrets.'" *Id.* (quoting Restatement of Torts § 757,

13   cmt. b). The Ninth Circuit issued an order of mandamus instructing the district court to grant

14   Electronic Arts's motion to seal. *Id.* at 570; *see also Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727

15   F.3d 1214, 1222 (Fed. Cir. 2013) (analyzing Ninth Circuit law on sealing and trade secrets and

16   citing *Electronic Arts*).

17       **2.2    Application**

18       The defendants have shown good cause to seal the portions of the exhibits, and the discussions

19   of those exhibits in the parties' filings, as narrowed in their supplemental statement.[21] While the

20   defendants' original declarations in support of sealing did not narrowly tailor the defendants'

21   sealing requests and did not sufficiently establish that the materials sought to be sealed were trade

22   secrets or otherwise entitled to protection under the law,[22] the defendants' supplemental statement

23   more narrowly tailors their sealing requests and better establishes those materials as trade

24   secrets.[23] (For example, whereas the defendants previously asked that an entire vendor agreement

25

26   [21] Defs. Statement in Supp. of Admin. Mots. to Seal – ECF No. 86.

27   [22] *See* Order – ECF No. 80 at 5.

     [23] *See* Defs. Statement in Supp. of Admin. Mots. to Seal – ECF No. 86.
28

ORDER – No. 17-cv-06584-LB                 7

be sealed, they now agree that it should be unsealed in its entirety, other than with respect to the identity of their counterparty and their pricing terms.[24]) The defendants have shown good cause to keep the materials sealed. With respect to the proposed 4AC, the defendants' narrowed sealing request is limited to one paragraph (paragraph 66) and portions of certain exhibits (the same exhibits attached to the parties' motion-to-dismiss and motion-to-amend briefing). The court has reviewed that paragraph and the exhibits and finds that, at present, they are not more than tangentially related to the merits of Ms. Kellman's claims and relate only (if at all) to her personal-jurisdiction arguments.[25] The court finds that the defendants have shown good cause, or in the alternative, compelling reasons, to seal that paragraph and portions of the exhibits, as narrowed in the defendants' supplemental statement. *Cf. Elec. Arts*, 298 F. App'x at 569–70 (finding compelling reasons to seal portions of licensing agreement).

## CONCLUSION

The court (1) grants Ms. Kellman's motion for leave to amend and file a 4AC and (2) grants the motions to seal as narrowed by the defendants' supplemental statement of November 19, 2018. The court denies without prejudice the defendants' motion to dismiss in part the 3AC as moot. The defendants may re-raise their arguments (if they choose) in a motion to dismiss the 4AC.

**IT IS SO ORDERED.**

Dated: December 21, 2018

LAUREL BEELER
United States Magistrate Judge

---

[24] Defs. Statement in Supp. of Admin. Mots. to Seal Ex. 3 – ECF No. 86-7.

[25] Defs. Statement in Supp. of Admin. Mots. to Seal Ex. 6 – ECF No. 86-13 at 10–11.