1 | BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
2 | J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
3 | BLAXTER | BLACKMAN LLP
601 California Street, Suite 1505
4 | San Francisco, California 94108
Telephone: (415) 500-7700
5
Attorneys for defendants WFM PRIVATE LABEL,
6 | L.P., WHOLE FOODS MARKET SERVICES,
INC., WHOLE FOODS MARKET CALIFORNIA,
7 | INC. and WHOLE FOODS MARKET
DISTRIBUTION, INC.
8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSHA KELLMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC., WHOLE FOODS MARKET CALIFORNIA, INC., WHOLE FOODS MARKET SERVICES, INC., and WHOLE FOODS MARKET DISTRIBUTION, INC.<br><br>Defendants. | Case No. 17-cv-06584-LB<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A NATIONWIDE CLASS**<br><br>Date:  February 28, 2018<br>Time:  9:30 AM<br>Crtrm: B – 15th Floor<br><br>Magistrate Judge Laurel Beeler |

Case No. 17-CV-06584-LB

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, February 28, 2018 at 9:30 AM, or as soon thereafter as counsel may be heard in Courtroom B of the above-entitled Court, located in the United States District Court – San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, defendants WFM Private Label, L.P. ("WFM LP"), Whole Foods Market California, Inc. ("WFM California"), Whole Foods Market Services, Inc. ("WFM Services") and Whole Foods Market Distribution, Inc. ("WFM Distribution") (collectively "Defendants") will and do move to dismiss plaintiff Shosha Kellman's ("Plaintiff") Fourth Amended Class Action Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

WFM Services and WFM Distribution move for dismissal of the FAC pursuant to Fed. R. Civ. P. 12(b)(2) on the grounds they do not have contacts with the State of California sufficient to subject them to the general or specific personal jurisdiction of this Court. These defendants, together with defendants WFM LP and WFM California, further move to dismiss Plaintiff's nationwide class claims under Fed. R. Civ. P. 12(b)(6).

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the previously filed Declarations of David Garraway (ECF No. 53), Jay Warren (ECF No. 36), and Brian Blackman (ECF No. 37), the previously filed Reply Declaration of Jay Warren (ECF No. 40) and Supplemental Declaration of Jay Warren (ECF No. 86), all other pleadings, papers, records and documentary materials on file in this action, and such further evidence and argument as the Court may allow at the hearing on this Motion.

Dated: January 17, 2019

BLAXTER | BLACKMAN LLP

By    */s/ Brian R. Blackman*
BRIAN R. BLACKMAN
J.T. WELLS BLAXTER
Attorneys for Defendants

-1-    Case No. 17-CV-06584-LB
NTC. OF MTN. & MTN. TO DISMISS SAC

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I. STATEMENT OF ISSUES TO BE DECIDED......................................................................1

II. INTRODUCTION..................................................................................................................1

III. SUMMARY OF RELEVANT ALLEGATIONS & FACTS.................................................2

    A. PLAINTIFF'S CLAIMS ...........................................................................................2

    B. FACTS RELEVANT TO JURISDICTION..............................................................4

        1. WFM California and WFM LP ....................................................................4

        2. Whole Foods Market Services, Inc. .............................................................4

        3. Whole Foods Market Distribution, Inc. .......................................................5

IV. LEGAL ARGUMENT ..........................................................................................................6

    A. The Court Lacks Personal Jurisdiction Over Defendants WFM Services and WFM Distribution .............................................................................................6

        1. Governing Statutory and Constitutional Principles of Personal Jurisdiction ..................................................................................................7

        2. Defendants WFM Services and WFM Distribution Are Not Subject to the Court's General Jurisdiction..............................................................7

        3. Defendants WFM Services and WFM Distribution Are Not Subject to the Court's Specific Jurisdiction .............................................................9

            a. WFM Services Is Not Subject to Specific Jurisdiction in California.........................................................................................10

            b. WFM Distribution Is Not Subject to Specific Jurisdiction in California.........................................................................................11

    B. The Court Should Dismiss Plaintiff's Claims on Behalf of a Nationwide Class..........................................................................................................................12

V. CONCLUSION ....................................................................................................................14

# TABLE OF AUTHORITIES

## CALIFORNIA CASES

*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191, 1207 (2011) ...............................................................................................12

## FEDERAL CASES

*Amba Mktg. Sys. V. Jobar Int'l,*
    551 F.2d 784 (9th Cir. 1977) .................................................................................................6

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ...............................................................................................7

*BNSF Ry. Co. v. Tyrrell*,
    137 S. Ct. 1549, 1559 (2017) ................................................................................................8

*Castaneda v. FILA USA, Inc.*,
    2011 WL 7719013 (S.D. Cal. Aug. 10, 2011) ....................................................................13

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ..................................................7, 8

*Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*,
    828 F.2d 1439 (9th Cir. 1987) ...............................................................................................6

*Glencore Grain v. Shivnath Rai Harnarain*,
    284 F.3d 1114 (9th Cir. 2002) ...............................................................................................8

*Goes Int'l, AB v. Dodur, Ltd.,*
    No. 14-cv-05666-LB, 2015 WL 5043296 (N.D. Cal. Aug. 26, 2015) ..................................7

*Goodyear Dunlop Tires Operations v. Brown*,
    564 U.S. 915 (2011) ..............................................................................................................7

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
    485 F.3d 450 (9th Cir. 2007) ...............................................................................................11

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) .................................................................7

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984) ..............................................9

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581, 585 (9th Cir. 2012) ..............................................................................2, 13, 14

*Millennium Enterprises, Inc. v. Millennium Music, LP*,
    33 F.Supp.2d 907 (D. Ore. Jan. 4, 1999) ..............................................................................11

*Mink v. AAAA Development LLC*,
    190 F.3d 333 (5th Cir. 1999) ...............................................................................................11

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ...............................................................................................7

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ...............................................................................................6

*Schwarzenegger v. Fred Marin Motor Co.*,
    374 F.3d 797 (9th Cir. 1998)..............................................................................................8, 9

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) ..........................................................................................................9

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...............................................................................12

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ........................................................7

### **STATUTES**

California Business & Professions Code section 17200, *et seq.* ........................................................4

California Business & Professions Code section 17500, *et seq.* ...................................................3, 4

California Civil Code section 1750, *et seq.* .......................................................................................3

California Code of Civil Procedure section 410.10 ............................................................................7

Federal Rules of Civil Procedure, Rule 12(b)(2) ...........................................................................1, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF ISSUES TO BE DECIDED

1. Whether this Court has personal jurisdiction over defendants Whole Foods Market Services, Inc. ("WFM Services") and Whole Foods Market Distribution, Inc. ("WFM Distribution")?

2. Whether Plaintiff Shosha Kellman's ("Plaintiff") Fourth Amended Class Action Complaint ("FAC") establishes a basis for pursuing the alleged claims on behalf of a putative nationwide class of consumers?

## II.  INTRODUCTION

The Fourth Amended Class Action Complaint ("FAC") represents Plaintiff Shosha Kellman's ("Plaintiff") fifth attempt to allege a putative nationwide class action based on claims of false or misleading advertising; her fourth attempt against defendants Whole Foods Market California, Inc. ("WFM California") and Whole Foods Market Services, Inc. ("WFM Services"); her second attempt against defendant Whole Foods Market Distribution, Inc. ("WFM Distribution"); and her first attempt against defendant WFM Private Label, L.P. ("WFM LP") (collectively "Defendants").  This Court previously granted defendant WFM Services' motion to dismiss for lack of personal jurisdiction and dismissed it from the action.  Plaintiff, however, again names this defendant based on the same general facts and allegations previously rejected by the Court.

Regardless, the FAC does not resolve the jurisdictional problems outlined in the Court's Order dated June 12, 2018.  WFM Services and WFM Distribution must be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.  These entities are Texas and Delaware corporations based in Austin, Texas, which have never developed, manufactured, labeled or sold *any* products in California.  WFM Distribution also does not advertise or market any products in California.  Further, WFM Services and WFM Distribution do not have any employees, offices or telephones, nor do they own any property or maintain any bank accounts in California.  Thus, neither of these defendants are subject to this Court's general or specific personal jurisdiction and should be dismissed.

1    Moreover, Plaintiff's claims on behalf of a nationwide class of consumers are improper and
2 implausible because the Court cannot constitutionally apply the law of California to residents of
3 other states for purchases made outside of California.  Plaintiff seeks to represent a nationwide
4 class based on alleged violations of California law.  Ninth Circuit authority squarely holds that
5 nationwide classes do not have standing to assert California consumer protection statutes.  *See*
6 *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 585 (9th Cir. 2012).  As the Ninth Circuit stated in
7 reversing the class certification order:  "[w]e hold that the district court erred because it erroneously
8 concluded California law could be applied to the entire nationwide class, and because it
9 erroneously concluded all consumers who purchased or leased the Acura RL can be presumed to
10 have relied on defendant's advertisements, which were misleading and omitted material
11 information."  The *Mazza* court's reasoning and findings apply with equal force to Plaintiff's
12 claims on behalf of a nationwide class of consumers in this action.

13    Plaintiff has had ample opportunity to amend her pleading to attempt to plead viable claims
14 in California and against WFM Services and WFM Distribution and on behalf of a national class.
15 These defendants and Plaintiff's claims on behalf of a putative nationwide class of consumers
16 should be dismissed without leave to amend.

### III.    SUMMARY OF RELEVANT ALLEGATIONS & FACTS

18    Plaintiff's lengthy FAC again contains few relevant factual allegations.  The pleading
19 largely consists of the types of assertions accorded no weight on a motion to dismiss, *i.e*., outright
20 legal argument, legal assertions couched as "facts," and boilerplate recitation of the elements of
21 claims.  The relevant facts alleged by Plaintiff are detailed below.

**A.    PLAINTIFF'S CLAIMS**

23    Plaintiff has sued Defendants for allegedly mislabeling various products sold at Whole
24 Foods Market stores, and through the Whole Foods Market websites.[1]  ECF No. 91 ("FAC") ¶¶6-8,

---

[1] The FAC continues to refer to statements on and sales through the Whole Foods Market website and Instacart website.  FAC ¶¶57-59, 100, 150, 155, 213.  Plaintiff, however, does not allege she ever visited, reviewed or completed purchases through either website.  In fact, consumers cannot purchase household or body care products through the Whole Foods Market website and Instacart is a separate corporate entity.  Thus, these allegations remain wholly immaterial to Plaintiff's alleged claims.

17, 29-31, 37, 40, 44.  Plaintiff contends the labels on various "365" and "Whole Foods" branded household and body care products are false and misleading because the products are labeled "hypoallergenic" when, according to Plaintiff, they contain compounds known to cause allergic responses, skin corrosion, eye damage, or "are otherwise toxic or hazardous in the case of skin contact."  FAC ¶¶6-8.

Specifically, Plaintiff alleges she is a citizen of the State of California and a resident of Alameda, County.  FAC ¶17.  In the four years prior to filing this action, she allegedly purchased 365 Gentle Skin Cleanser on a regular basis, and occasionally purchased 365 Moisturizer Lotion, from the Whole Foods Market stores located at 3000 Telegraph Avenue in Berkeley, California and 230 Bay Place in Oakland, California.  *Id*.  As part of these alleged purchases, Plaintiff claims to have seen and relied upon the label statement "hypoallergenic" and alleges she would not have purchased these products had she known they were not hypoallergenic or otherwise contained harmful chemicals.  FAC ¶¶18, 22-24.

Plaintiff notably does *not* allege she ever purchased or reviewed any private label household or body care products on the Whole Foods Market website.[2]  *See generally* FAC ¶¶57-60, 100, 150, 155 and 213.  The absence of this allegation is significant because the only alleged "factual" basis for jurisdiction over WFM Service is that it manages the website.  Any such "website" based claims, however, are subject to the arbitration and class action waiver provisions of the Terms of Use applicable to the Whole Foods Market website.  *See* FAC ¶57 (citing https://wholefoodsmarket.com/terms-use).  Thus, they would have to be brought on an individual basis in arbitration.[3]

Based on her allegations, Plaintiff asserts claims for breach of express warranty, unjust enrichment, and false, misleading and unlawful advertising in violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. ("CLRA"), False Advertising Law, Cal. Bus. &

---

[2]  Consumer cannot directly purchase household or body care products through the Whole Foods Market website.  *See* ECF No. 36 [Declaration of Jay Warren] ¶30.  Online purchasing is limited to meal catering and Whole Foods' holiday meals store.  *Id*.

[3]  Defendants reserve their right to compel individual arbitration of any claims based on representations made on or purchases completed through the Whole Foods Market website.

Prof. Code §§ 17500, *et seq*. ("FAL"), and Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq*. ("UCL").  FAC ¶¶192-235.  Plaintiff brings these claims on behalf of herself and a "national class of consumers who purchased WF's body care products that were falsely and misleadingly marketed as 'hypoallergenic.'"  FAC ¶8.

**B.    FACTS RELEVANT TO JURISDICTION**

    **1.    WFM California and WFM LP**

WFM California is a California corporation with its local offices located in Emeryville. FAC ¶29.  WFM California owns and operates, *inter alia*, the Whole Foods Market stores located in the Northern California region.  *Id.*

WFM LP is a Delaware limited partnership with its principal offices located in Austin, Texas.  FAC ¶27.  WFM LP is responsible for the management and procurement of private label retail grocery products, including the private label household and body care products at issue in this litigation.  ECF No. 86-9 at 42:2-18.

    **2.    Whole Foods Market Services, Inc.**

WFM Services is a Texas corporation with its principal place of business in Austin, Texas. ECF No. 36 [Declaration of Jay Warren] ¶20.  It does not have any employees, office space or telephones in California, and has no bank accounts or other tangible personal or real property in California.  *Id*. ¶¶24-25.  WFM Services does not operate, manage or control the operations of WFM California, WFM LP or WFM Distribution.  *Id.* ¶26.  It also does not sell any goods, including household or body care products, either to the Whole Foods Market operating entities or any other person or entity.  *Id*. ¶27.  Further, it does not derive any revenue from goods sold or services rendered in California.  *Id*. ¶23

WFM Services works as the administrative arm of the Whole Foods Market family of companies, providing accounting, legal and other administrative services to the Whole Foods Market operating entities.  ECF No. 36 ¶21.  WFM Services provides these services to regional operating companies, such as WFM California.  *Id.* ¶22.

WFM Services has some responsibility for the marketing and advertising of Whole Foods' private label products.  ECF No. 36 ¶28.  WFM Services, however, performed and continues to

perform this work in Texas where its offices and personnel are located.  *Id.*  WFM Services is also responsible for the content and design of Whole Foods Market's website (although the stores also have some control over and authority to change the content of their individual store webpages).  *Id.* ¶29.  But, again, these services are rendered in Texas.  *Id*.  Further, consumers cannot directly purchase private label household, body care or baby care products through the Whole Foods Market website.[4]  *Id.* ¶30.  In short, WFM Services did not perform any services in California related to the facts at issue in this case.

### 3. Whole Foods Market Distribution, Inc.

WFM Distribution is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Austin, Texas.  ECF No. 53 [Declaration of David Garraway] ¶2.  It enters into and manages distribution agreements on behalf of the Whole Foods Market regional operating entities, including agreements relating to the distribution of some 365 Everyday Value and Whole Foods branded private label products.  *Id.* ¶3.

WFM Distribution does not own or operate any stores in California.  ECF No. 53 ¶4.  It has no employees, office space, telephones, bank accounts or other tangible or real property in California.  *Id*. ¶6.  It does not, and at all times relevant to this litigation did not, purchase, advertise, market or sell any products, including the household and body care products at issue in this litigation, in California.  *Id*. ¶7.  Further, it is not qualified to do business in California, does not have a registered agent for service of process in California, and does not conduct or transact any business in California.  *Id*. ¶5.

WFM Distribution has limited involvement in the distribution of Whole Foods Market private label products, including the 365 Everyday Value and Whole Foods Market labeled products.  ECF No. 53 ¶¶3, 8.  It enters into and manages distribution agreements on behalf of the Whole Foods Market regional operating entities.  *Id.* ¶3.  It, however, performed and continues to

---

[4] Again, Plaintiff has not alleged she purchased a hypoallergenic product from WFM Services or ever visited the Whole Foods Market website.  Indeed, if she had, then her claims would be subject to the arbitration and class action waiver provisions set forth in the Terms of Use applicable to the Whole Foods Market website.  Those claims, therefore, would have to be brought on an individual basis in an arbitration.

1  perform this work in Texas where its offices and personnel are located.  *Id*. ¶2.

2  WFM Distribution entered into an Agreement for Distribution of Products with United
3  Natural Foods, Inc. ("UNFI") dated October 30, 2015 (the "UNFI Agreement").  ECF No. 53 ¶8.
4  But, again, the negotiation, execution and performance of the Agreement, as regards WFM
5  Distribution, would have occurred in Texas.  *Id*. ¶2.  The purpose of the UNFI Agreement was to
6  authorize UNFI to sell and distribute certain private label products, including some of the health
7  and body care products at issue in this litigation, directly to individual Whole Foods Market retail
8  stores and/or regional entities across the United States at negotiated and determined whole sale
9  prices.  *Id*. ¶8.  However, under the terms of the UNFI Agreement, Whole Foods Market stores or
10 regional entities submit purchase orders directly to UNFI for specific private label products and
11 UNFI sells and distributes those products directly to the stores or regional entity.  *Id*.  WFM
12 Distribution is not involved in the actual manufacture, purchase, sale or distribution of the private
13 label products covered under the UNFI Agreement.  *Id*.

### IV.   LEGAL ARGUMENT

**A.   The Court Lacks Personal Jurisdiction Over Defendants WFM Services and WFM Distribution.**

Fed. R. Civ. P. 12(b)(2) allows a defendant to challenge a complaint for lack of personal jurisdiction.  The determination of whether to exercise personal jurisdiction is a question of law. *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).  Plaintiff bears the burden of establishing that the Court has personal jurisdiction over each defendant, and is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys. v. Jobar Int'l*, 551 F.2d 784, 787 (9th Cir. 1977); *see also Fed. Deposit Ins. Corp. v. British-Am. Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987).  Defendants challenge and do not admit the facts pled in the FAC.  Thus, Plaintiff cannot rely on her conclusory allegations and must set forth competent and admissible evidence establishing jurisdiction over WFM Services and WFM Distribution.

### 1. Governing Statutory and Constitutional Principles of Personal Jurisdiction.

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute, and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Pursuant to California Code of Civil Procedure section 410.10, California's long-arm statute reaches as far as the U.S. Constitution permits. Thus, the Court can proceed directly to the federal due process analysis. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 753, 187 L. Ed. 2d 624 (2014).

Due process requires that the defendant have sufficient minimum contacts with the forum such that the assertion of jurisdiction in that forum "'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach,* 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945)). The minimum contacts requirement "protects the defendant against the burdens of litigating in a distant or inconvenient forum." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L. Ed. 2d 490 (1980). "There are two types of personal jurisdiction: general and specific." *Goes Int'l, AB v. Dodur, Ltd.,* No. 14-cv-05666-LB, 2015 WL 5043296, *7 (N.D. Cal. Aug. 26, 2015) (citing *Daimler AG v. Bauman*, 134 S. Ct. at 754-55). Neither type applies to WFM Services nor WFM Distribution.

### 2. Defendants WFM Services and WFM Distribution Are Not Subject to the Court's General Jurisdiction.

General personal jurisdiction exists where a defendant's business contacts with the forum state are so substantial, continuous and systematic that they "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc. ("Bancroft"),* 223 F.3d 1082, 1086 (9th Cir. 2000). The United States Supreme Court recently held that, absent an "exceptional case," a corporation is "at home" (and, therefore, subject to general jurisdiction) only in its state of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. at 753. Thus, the defendant's affiliations with California must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id*. (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011)). This historically entailed contacts with the forum that include

1  ownership of property, the maintenance of bank accounts, having employees, soliciting business, or
2  having a designated agent in the state.  *Glencore Grain v. Shivnath Rai Harnarain*, 284 F.3d 1114,
3  1124-25 (9th Cir. 2002).  Defendants WFM Services and WFM Distribution do not maintain any of
4  these types of contacts with California.  *See* ECF No.  36 ¶¶4-6, 24-25; ECF No. 53 ¶¶2-8.

5        The Court previously ruled WFM Services is not subject to the Court's general jurisdiction,
6  reasoning Plaintiff failed to present facts establishing this as an "exception case" where general
7  jurisdiction could be found over foreign corporations.  *See* ECF No. 45 at 14:16-16:3. Nothing has
8  changed.  The FAC presents the same facts, albeit it through additional court filings
9  mischaracterized to fit Plaintiff's purpose, of corporate activity previously employed to justify
10 general jurisdiction.  Plaintiff continues to argue that the magnitude of Defendants' in-state
11 activities (imputed through related and affiliated entities) justify general jurisdiction.  But, as the
12 Court cited in its earlier ruling, even if Plaintiff's contentions were correct, "'the general
13 jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts.'"
14 *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (quoting *Daimler AG v. Bauman*, *supra*, 571
15 U.S. at 139 n.20).  Thus, as detailed below, Plaintiff's arguments remain insufficient as to WFM
16 Services and are equally insufficient as to WFM Distribution.

17       WFM Services and WFM Distribution are incorporated in Texas and Delaware,
18 respectively, and have their principal place of business in Austin, Texas.  *See* ECF No. 36 ¶20; ECF
19 No. 53 ¶2.  Neither of these defendants have offices, bank accounts, employees nor telephone
20 numbers in California.  ECF No. 36 ¶4-6, 24-25; ECF No. 53 ¶6.  Further, they are not qualified to
21 conduct business (nor do they) in California and do not have agents for service in this State.  ECF
22 No. 36 ¶4-6, 24-25; ECF No. 53 ¶5.  These companies simply do not have any relevant contacts, let
23 alone the "continuous and systematic general business contacts that approximate physical presence
24 in" California.  *Schwarzenegger v. Fred Marin Motor Co.,* 374 F.3d 797, 801 (9th Cir. 1998)
25 (internal citations omitted).

### 3. Defendants WFM Services and WFM Distribution Are Not Subject to the Court's Specific Jurisdiction.

Specific jurisdiction "focuses on 'the relationship among the defendant, the forum and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). Plaintiff must prove that a nonresident defendant purposefully directed its activities or consummated some transaction in California, or performed some act by which it purposefully availed itself of the privilege of conducting activities here. *Schwarzenegger v. Fred Marin Motor Co.,* 374 F.3d 797 (9th Cir. 1998). Plaintiffs also must show that their claims specifically arose out of or relate to those activities. *Id.*

The Court previously ruled Plaintiff failed to show that WFM Services "purposefully directed any of [its] activities or consummated some transaction with California or a California resident or performed some act by which [it] purposefully availed [itself] of the privilege of conducting activities in California." ECF No. 45 at 16:5-8. Nothing alleged in or attached to the FAC changes this result.

The FAC continues to rely on the same unsworn and conclusory allegations of shared offices, employees, marketing and control, and website operation that were alleged and rejected in her SAC. *Compare* ECF No. 91 ¶¶30, 35, 36-37, 53, 54-55, 57 and 62 to ECF No. 31 ¶¶47, 87, 88-89, 90, 48-49, 50, 48-49, 50 and 51. Plaintiff did add a few new allegations specific to WFM Services' responsibility for the content and design of the Whole Foods Market website. *See* ECF No. 91 ¶¶58-61, 64. The FAC, however, does not allege that Plaintiff ever visited the Whole Foods Market website, relied on anything on the website or purchased any of the challenged products through the website. *See* FAC ¶57-60. In fact, consumers, including Plaintiff, cannot directly purchase private label household and body care products through the website. *See* ECF No. 36 ¶30. And, if they had, their claims would be subject to the class action waiver and arbitration provisions applicable to use of the Whole Foods Market website. Thus, there is no basis upon which to reverse or change the Court's prior ruling as to WFM Services. While Plaintiff did add a series of allegations addressed to WFM Distribution, these allegations do not demonstrate that WFM Distribution directed activities at or consummated transactions in California.

### a. WFM Services Is Not Subject to Specific Jurisdiction in California.

WFM Services does not design, develop, manufacture or sell the various private label household and body care products at issue in this case. ECF No. 36 ¶27. Indeed, the FAC alleges defendant WFM LP is the entity "responsible for the Whole Foods private label products and exclusive brands," including the manufacture, supply, packaging, labeling and formulation of those products. *See* FAC ¶¶38-44. WFM Services also does not distribute the private label products and does not own or operate the retail stores where Plaintiff made her purchases, or anywhere else. ECF No. 36 ¶¶26-27. Again, the FAC alleges WFM LP is the defendant responsible for contracting with vendors for the supply of private label products to the regions and stores, and the stores are owned and operated by regional operating entities such as WFM California. FAC ¶¶42 and 38.

WFM Services works as the administrative arm of the Whole Foods Market family of companies, providing accounting, legal and other administrative services to the Whole Foods Market operating entities. ECF No. 36 ¶21-22. These administrative services include some work in marketing Whole Foods' private label products. *Id.* ¶28; *see also* ECF No. 86-9 at 23:15-24:3. WFM Services, however, performed and continues to perform this work in Texas where its offices and personnel are located. ECF No. 36 ¶25. It does not have any offices or employees located in California. *Id.* ¶24.

WFM Services is responsible for the content and design of Whole Foods Market's national website (although the local stores also have authority to change the content of their individual store webpages). ECF No. 36 ¶29; *see also* ECF 86-9 at 23:15-24:3. But, again, these services were rendered in Texas and, given the website's broad and indiscriminate scope, are not targeted at California. ECF No. 36 ¶29. Further, as the Court previously noted, consumers cannot directly purchase private label household, body care or baby care products through the Whole Foods Market website. ECF No. 36 ¶30; *see also* ECF No. 45 at 16:189-17:2.

Online purchasing through the Whole Foods Market website is limited to meal catering and Whole Foods' holiday store. ECF No. 36 ¶30. Under catering, consumers can pre-order party platters, box lunches, soups, salads and other meal entrees, sides, drinks and desserts for pickup at

1 their Whole Foods Market store.  *Id.*  The holiday store allows consumers to pre-order holiday
2 meals for pickup at their Whole Foods Market store.  *Id.*  Under both scenarios, the transactions are
3 transmitted to the customer's physical store and run (i.e., picked, processed and purchased) through
4 that store.  ECF No. 73-8 at 61:23-65:14.  The customer picks up his or her order at the physical
5 store and that store collects the revenue.  *Id.*  The physical stores in Northern California are owned
6 and operated by WFM California – not WFM Services.  ECF No. 36 at ¶16.  Thus, Plaintiff's
7 claims cannot and do not arise out of WFM Services' operation of the website, which, standing
8 alone, is an insufficient basis for exercising personal jurisdiction over it.  *See Holland Am. Line Inc.*
9 *v. Wartsila N. Am., Inc.,* 485 F.3d 450, 460 (9th Cir. 2007) ("We have consistently held that a mere
10 web presence is insufficient to establish personal jurisdiction."); *see also Mink v. AAAA*
11 *Development LLC*, 190 F.3d 333, 336-337 (5th Cir. 1999) (maintaining website that posts
12 information about its products and services is insufficient basis for personal jurisdiction);
13 *Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F.Supp.2d 907, 922-23 (D. Ore. Jan. 4,
14 1999) ("The existence of a Web site, whether passive or interactive, does not rise to the requisite
15 level of conduct.").

          **b.**      **WFM Distribution Is Not Subject to Specific Jurisdiction in California.**

17       Similarly, none of the allegations of the SAC support specific jurisdiction over WFM
18 Distribution.  The only allegations relevant to WFM Distribution are:  (i) it is an affiliate of WFM
19 LP (FAC ¶¶428), and (ii) it distributes or causes the distribution of all of Whole Foods' private
20 label products across the United States and in California (FAC ¶¶31, 39).  As to the latter
21 allegation, Plaintiff cites to the UNFI Agreement (ECF No. 91-5) as the only support for her
22 contention.  *See* FAC ¶31, 39.  Plaintiff is mistaken.

23       WFM Distribution does not distribute or cause the distribution of private label products.  It
24 only enters into and manages distribution agreements, including the UNFI Agreement, on behalf of
25 the regional operating entities.  *See* ECF No. 53 ¶3.  The UNFI Agreement authorizes UNFI to sell
26 and distribute certain private label products, including some 365 Everyday Value and Whole Foods
27 branded private label products, directly to individual Whole Foods Market retail stores and/or
28 regional operating entities across the United States at a negotiated and determined markup.  *Id.* ¶8;

-11-                                                   Case No. 17-CV-06584-LB
                                                              MPA ISO MTN. TO DISMISS FAC

1  *see also* ECF No. 49-4.  Under the UNFI Agreement, Whole Foods Market retail stores or regional
2  operating entities submit purchase orders directly to UNFI for specific private label products and
3  UNFI sells and distributes those products directly to the stores or regional entity.  *Id*.  Further, the
4  FAC alleges WFM LP – not WFM Distribution – is responsible for contracting with the product
5  vendors for supply of the challenged products to UNFI, distribution centers and/or stores.  FAC
6  ¶42; *see also* 91-2 § 1.  Thus, WFM Distribution is not involved in the actual purchase, sale or
7  distribution of these private label products.

8  WFM Distribution exists and operates out of Texas.  *See* ECF No. 53 ¶2.  It has not
9  purposefully directed any of it activities at California or its residents, nor performed some act by
10 which it purposefully availed itself of the privilege of conducting activities in California.  Thus, it
11 is not subject to specific jurisdiction in California.  Indeed, subjecting WFM Distribution to
12 specific jurisdiction under these facts would be unreasonable and would not comport with fair play
13 or substantial justice.

14 **B.     The Court Should Dismiss Plaintiff's Claims on Behalf of a Nationwide Class.**

15 California law presumes the legislature did not intend a statute to govern conduct occurring
16 outside the state unless such intention was clearly expressed, or can be reasonably inferred, from
17 the statute.  *See Sullivan v. Oracle Corp.,* 51 Cal.4th 1191, 1207 (2011).  Numerous courts have
18 held, neither the language nor the legislative history of California's CLRA, UCL or FAL provide a
19 reasonable inference the legislature intended these statutes to operate extraterritorially and,
20 therefore, "the presumption against extraterritoriality applies to the UCL in full force."  *Id.*; *see*
21 *also Wilson v. Frito-Lay N. Am.*, 961 F.Supp.2d 1134, 1148 (N.D. Cal. 2013) (dismissing UCL,
22 FAL and CLRA claims on behalf of putative nationwide class relating to activities occurring in
23 other states).

24 In the present case, Plaintiff brings both statutory and common law claims for breach of
25 express warranty, unjust enrichment, and violation of California's UCL, FAL and CLRA.  She
26 brings these claims on behalf of herself and "all other similarly situated United States residents who
27 purchased the Falsely Labeled Products."  FAC ¶177.  She seeks to apply California law to her
28 entire putative nationwide class regardless of where each class member resides, purchased the

-12-                                  Case No. 17-CV-06584-LB
MPA ISO MTN. TO DISMISS FAC

1  product, or was allegedly injured.  A nationwide class, however, is inappropriate because California
2  laws differ from the law of others states, and because each state has an interest in regulating
3  commerce within its borders.
4      In *Mazza v. American Honda Motor Co*., the Ninth Circuit reviewed the application of
5  California consumer protection laws, specifically the UCL, FAL and CLRA, to a nationwide class.
6  The Ninth Circuit *vacated* the class certification order because the district court "erroneously
7  concluded that California law could be applied to the entire nationwide class, and because it
8  erroneously concluded that all consumers who purchased or leased the Acura RL can be presumed
9  to have relied on defendant's advertisements, which were misleading and omitted material
10 information." *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012).  The Ninth
11 Circuit explained:

> The district court did not adequately recognize that each foreign state has an interest in applying its law to transactions within its borders and that, if California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce.  That this concept was missed or given inadequate weight was error.  The district court's reasoning elevated all states' interests in consumer protection to a subordinate level, while ignoring or giving too little attention to each state's interest in promoting business.  This presents a mode of analysis that the Class Action Fairness Act was aimed at stopping.  See Findings, Class Action Fairness Act § 2(a)(4), Pub. L. No. 109-2, 119 Stat. 4, 5 (2005) (categorizing as an "abuse[]" of the class action system the practice of state courts "making judgments that impose their view of the law on other States and bind the rights of the residents of those States.").

19 *Mazza,* 666 F3. at 593-94; *see also Castaneda v. FILA USA, Inc.*, 2011 WL 7719013, *2 (S.D. Cal.
20 Aug. 10, 2011) (allegations of misconduct based on purchases outside of California made by non-
21 California residents "cannot be actionable under California's Unfair Competition Law").
22     In reaching its conclusion, the Ninth Circuit performed California's choice-of-law analysis
23 and determined the following:  (1) there are material differences between California consumer
24 protection laws and the laws of other states, including requirements of scienter, reliance, and
25 available remedies; (2) foreign jurisdictions have a significant interest in regulating interactions
26 between their citizens and corporations doing business within their state, insofar as consumer
27 protection laws affect a state's ability to attract industry; and (3) applying California law to those
28 jurisdictions would significantly impair their "ability to calibrate liability to foster commerce,"

1  while "California interest in applying its law to residents of foreign states is attenuated." *Mazza,*
2  666 F.3d at 591-94.  Under this analysis, the court held that "each class member's consumer
3  protective claim should be governed by the consumer protection laws of the jurisdiction in which
4  the transaction took place." *Id.* at 594.

5       Here, Plaintiff's claims involve application of the same consumer protection laws as *Mazza*
6  (UCL, FAL, and CLRA).  As such, the material differences described above that dissuaded the
7  Ninth Circuit from applying California law to the claims of putative class members from others
8  states are similarly present here.  Plaintiff has not alleged any facts from which the Court could
9  conclude the purchasing decisions of out-of-state purchasers emanated from California.  Nothing in
10 the FAC alleges that any out-of-state purchases were directed from California or had anything to do
11 with California.  Indeed, WFM California does not sell private label products outside of California.
12 Thus, while non-California citizens who made purchases in California could assert the same
13 California law-based claims that Plaintiff asserts, there is no plausible way for a non-California
14 citizen who purchased the challenged household and/or body care products outside of California to
15 bring these claims.  As such, Plaintiff's claims on behalf of a nationwide class should be dismissed.

## V. CONCLUSION

17      For the foregoing reasons, Defendants respectfully request the Court dismiss defendants
18 WFM Services and WFM Distribution for a lack of jurisdiction.  Defendants further request the
19 Court dismiss Plaintiff's nationwide class claims.

20 Dated:  January 17, 2018

21                                         BLAXTER | BLACKMAN LLP

23                           By      */s/ Brian R. Blackman*
                                BRIAN R. BLACKMAN
24                                 J.T. WELLS BLAXTER
                                Attorneys for Defendants
25                            WFM PRIVATE LABEL, L.P., WHOLE FOODS
                           MARKET SERVICES, INC., WHOLE FOODS
26                            MARKET CALIFONRIA, INC. and WHOLE
                           FOODS MARKET DISTRIBUTION, INC.