BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-7700

Attorneys for defendant WHOLE FOODS PRIVATE LABEL, L.P., WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET CALIFORNIA, INC. and WHOLE FOODS MARKET DISTRIBUTION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOSHA KELLMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS PRIVATE LABEL, L.P., WHOLE FOODS MARKET CALIFORNIA, INC., WHOLE FOODS MARKET SERVICES, INC., and WHOLE FOODS MARKET DISTRIBUTION, INC.<br><br>Defendants. | Case No. 17-cv-06584-LB<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PARTIES' JOINT DISCOVERY LETTER [EFC NO. 142]**<br><br>Magistrate Judge Laurel Beeler |

**A.     BACKGROUND**

On August 7, 2020, Plaintiff Shosha Kellman ("Plaintiff") filed an Administrative Motion to seal portions of the parties' Joint Discovery Letter being submitted in accordance with the Court's Standing Order regarding expedited procedures for discovery disputes. *See* ECF No. 142-3. In the joint letter, both parties discuss the content of several internal agreements that defendants Whole Foods Private Label, L.P. ("WF LP"), Whole Foods Market Services, Inc. ("WFM Services"), and Whole Foods Market California, Inc. ("WFM California") (collectively "Defendants") designated Highly Confidential under the terms of the Stipulated Protective Order entered in this action. *See* ECF Nos. 142 to 142-3. The Court previously sealed similar discussion of this internal information and processes by Orders entered December 21, 2018 and March 29, 2019. *See* ECF Nos. 89 and 106.

Defendants designated the content of certain internal financial agreements "Highly Confidential" because they contain sensitive business and financial information that is not generally available to the public and would be of value to Defendants' competitors if released to the public. The documents discuss and reflect Defendants' consolidated cash management systems, intercompany loans, and the obligations by and between various Whole Foods Market entities.

In accordance with Civil L.R. 79-5(e), Plaintiff lodged an unredacted copy of the Joint Discovery Letter and filed this Administrative Motion for an order sealing the redacted portions of the letter. *See* ECF Nos. 142. Defendants now submits this statement in support of sealing portions of the parties' Joint Discovery Letter.

**B.     ARGUMENT**

In this district, a party seeking to file a document under seal must comply with a two-prong requirement. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Kamakana v. City & Cnty. Of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citations and internal quotations omitted).

With respect to the first prong, Local Rule 79-5 requires, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached."  *Gaudin v. Saxon Mortg. Servs.*, 2013 WL 2631074, at *1 (N.D. Cal. Jun. 11, 2013).  "'Good cause' is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal."  *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Systems, LLC*, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 678 (9th Cir. 2010)).  That is, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials.  *Kamakana,* 447 F.3d at 1180.  Under this standard, a court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A discovery motion is a type of non-dispositive motion (similar to a motion to dismiss for lack of personal jurisdiction) because it does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits.  *See e.g., Real Action Paintball,* 2015 WL 1534049, at *3 (citations omitted).  Thus, the "good cause" standard should apply to the parties' Joint Discovery Letter and Plaintiff's request to seal.

The redacted portions of the Joint Discovery Letter contain information that should be sealed because they satisfy both the first and second prong under Ninth Circuit law:  (1) Defendants have narrowly tailored the request to seal information that is "privileged or protectable as a trade secret or otherwise entitled to protection under the law" and (2) there is "good cause" for Defendants to not want this sensitive business information released to competitors or otherwise made widely available.

### 1. Defendants' Information Is Sealable

"A trade secret is generally defined as information that (1) derives independent economic value from not being generally known to the public, and (2) is the subject of efforts to maintain its secrecy." *La. Pac. Corp. v. James Hardie Bldg. Prods.,* 2013 WL 3483618, at *2 (N.D. Cal. Jul. 8, 2013) (citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d)).  Documents detailing a party's "business and pricing strategies" are treated as "trade secret[s]" or "confidential information." *Stanislaus Food Prods. Co. v. USS_POSCO Indus.*, 2012 WL 6160468, at *4 (E.D. Cal. Dec. 11, 2012).  Documents dealing with a party's internal business strategy and financial performance are treated as protected trade secrets for the purposes of a sealing motion. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (sealing document "marked confidential" that "reveal[ed] the internal strategy and decision making process" and where "disclosure could harm [the requesting party's] competitive standing"); *see also Muench Photography, Inc. v. Pearson Educ., Inc.,* 2013 WL 4475900, at *4 (N.D. Cal. Aug. 15, 2013) ("If disclosed, Pearson alleges, the information at issue could reveal Pearson's product development efforts and business strategies to competitors…").  Moreover, "[f]inancial and customer data can constitute a protectable trade secret." *Scottsdale Ins. Co. v. Cook*, 2010 WL 4942764, at *3 (D. Az. Nov. 24, 2010; *see also Gaudin, supra,* 2013 WL 2631074, at *2 ("In its declaration, Defendants maintains that certain of the materials contain customer data and sensitive internal commercial information.  The Court concludes that there is good cause to seal this material, since exposing it to the public would subject Defendant to undue burden or expense.")

### 2. Good Cause Exists for Sealing the Documents

As more fully detailed in the Supplemental Declaration of Jay Warren (ECF No. 86-1), good cause exists to seal certain redactions identified in the Joint Discovery Letter.  The letter discussed competitively sensitive intercompany information and agreements, and commercially sensitive financial and revenue management information that, if unsealed, would provide Defendants' competitors with access to its trade secrets and highly sensitive commercial

information, and would have the effect of working a significant economic harm on Defendants. *See* ECF No. 86-1 ¶¶2-3. The portions of the letter that should be sealed are:

| **DISCOVERY LETTER REDACTIONS PAGE NO.** | **COMMENT** | **SUPPORTING EVIDENCE** |
|---|---|---|
| Page 1 | Discusses competitively sensitive intercompany information and agreements, and commercially sensitive financial and revenue management information | ECF No. 86-1, ¶¶2-3 |
| Page 4, fn. 2 | Discusses competitively sensitive intercompany information and agreements, and commercially sensitive financial and revenue management information | ECF No. 86-1, ¶¶2-3 |

C.  **CONCULSION**

For the reasons set forth above, the Supplemental Declaration of Jay Warren (ECF No. 86-1) and the Court's prior Order sealing this same information (ECF Nos. 89 and 106), Defendants respectfully requests that the Court grant Plaintiff's application to seal the parties' unredacted Joint Discovery Letter [ECF No. 142].

Dated:  August 12, 2020

                                                       BLAXTER | BLACKMAN LLP

By        */s/ Brian R. Blackman*
           BRIAN R. BLACKMAN
           J.T. WELLS BLAXTER
           Attorneys for Defendants