UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHOSHA KELLMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WHOLE FOODS MARKET CALIFORNIA, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-06584-LB<br><br>**ORDER ON PARTIES' JOINT DISCOVERY LETTER**<br><br>Re: ECF No. 182 |

## INTRODUCTION

The parties to the above-captioned case brief two "sub-issues" in their joint letter. First, to what extent the defendants (WF) may redact non-responsive and irrelevant information from their productions, and, second, whether WF has sufficiently described a select number of documents which were redacted or withheld for attorney-client privilege or work product privilege.[1] The court finds WF may not redact, only withhold, documents for non-responsive information and orders WF to submit an updated privilege log consistent with the court's orders below.

---

[1] Joint Letter – ECF No. 182 at 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 17-cv-06584-LB

**ANALYSIS**

WF contends the present joint letter is premature because the parties are still conferring on the bounds of discovery. WF removed redactions from 501 documents the day before this letter was filed,[2] and the plaintiff asserts that the thirteen overarching categories of relevancy are "still in dispute."[3] An updated privilege log was produced the day before this letter was filed. Thus, this court's opinion addresses only the two disputes raised in the letter. Should a dispute remain after the production of a new privilege log and redactions for relevancy are removed, the parties are free to file another joint discovery letter.

**1. Redactions for Non-responsive and Irrelevant Information**

The plaintiff asserts that WF does not have discretion to review and redact documents for relevance or responsiveness. Instead, they assert the protective order protects any trade secret or confidentiality concerns.[4] Additionally, the plaintiff claims the ESI Protocol permits redactions only for privilege or immunity, and that Rule 34 disfavors redactions for responsiveness because such redactions alter the document.[5] But the ESI Protocol makes no such restriction. It says a party "may" redact material that is protected by any privilege or immunity recognized under applicable law or regulation.[6] WF responds that it is permitted to redact non-responsive information by the ESI Protocol's more general language that requires the parties to produce "any relevant, responsive and non-privileged material" consistent with the requirements of the ESI Protocol.[7]

The plaintiffs also cite to the Federal Rules which require that documents be produced "as they are kept in the usual course of business," which, they assert, includes without redactions. Fed. R. Civ. P. 34(b)(2)(E)(i); *Evon v. Law Offs. of Sidney Mickell*, No. S-09-0760-JAM (GGH), 2010 WL

---

[2] Joint Letter – ECF No. 182 at 3.

[3] *Id.* at 1.

[4] Protective Order – ECF No. 71.

[5] Joint Letter – ECF No. 182 at 2.

[6] ESI Protocol – ECF No. 131 at 5:14–16 ("A producing party may redact . . . material that is protected from disclosure by any privilege or immunity recognized under applicable law or regulation.")

[7] ESI Protocol – ECF No. 131.

ORDER – No. 17-cv-06584-LB             2

1  455476, at *2 n.1 (E.D. Cal. Feb. 3, 2010) ("Redaction is, after all, an alteration of potential

2  evidence."). WF claims that redactions for responsiveness and relevancy fulfill Rule 26's

3  requirement that discovery be "proportional."[8]

4  At this point, neither the ESI protocol nor the Federal Rules expressly prohibit redactions for

5  responsiveness. Other courts disfavor redactions for responsiveness except in very limited

6  circumstances. *Laub v. Horbaczewski*, 331 F.R.D. 516, 526 (C.D. Cal. Apr. 22, 2019) ("[A] party

7  may not redact otherwise responsive documents because those documents contain irrelevant

8  material."); *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018) ("[T]he unilateral redaction of

9  irrelevant or nonresponsive material from otherwise responsive documents gives rise to suspicion

10 that relevant material harmful to the producing party has been obscured and tends to make

11 documents confusing or difficult to use.") (cleaned up); *Barnes v. Equinox Grp.*, No. 10-cv-3586-

12 LB, 2012 WL 13060044, at *4 (N.D. Cal. June 14, 2012) (ordering production of financial

13 information and allowing narrow redactions for personal nonresponsive information).

14 This court follows the case law and the ESI Protocol's own guidance that redactions may be

15 made to responsive documents to protect privileged information and, at least on this record,

16 disallows WF from redacting for responsiveness or relevancy. WF did not identify harm or

17 burden. Proportionality is a better argument for defining the methods to obtain responsive

18 information, not to redact for responsiveness or relevance after the ESI search has been conducted.

19

20 **2. Redactions and Withholdings for Work Product and Attorney-Client Privilege**

21 The parties also dispute whether certain documents withheld by WF qualify for protection

22 under the doctrines of attorney-client privilege or work-product protection, and if WF has done

23 enough to explain why the privilege applies.

---

28 [8] Joint Letter – ECF No. 182 at 2, 4.

United States District Court
Northern District of California

### 2.1 Privileged attachments to an attorney-client communication

The plaintiff argues that WF provided an insufficient basis for asserting privilege on a number of documents that were attached to non-privileged emails.[9] To sufficiently withhold or redact a document for privilege reasons, the withholding party must identify relevant names, dates, and "the basis for the assertion of a privilege or other protection for all Privileged Material in the document."[10]

The plaintiffs cite to several cases which held that the generalized statement that a document "reflects" legal advice is insufficient to support a privilege claim, e.g., *Dolby Labs Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019), and that documents are not inherently privileged if they were attached to a privileged communication. *See, e.g.*, *Fed. Trade Comm. V. Boehringer Ingelheim Pharms., Inc.*, 180 F. Supp. 3d 1, 31 (D.D.C. 2016) ("[A]ttachments to privileged communications are not thereby automatically privileged."). WF must show each attachment individually satisfies the criteria for privilege.[11]

On February 23, 2021, WF provided the following description for ten at-issue documents: "Attachment to attorney client communication regarding product incidents. Document was collected and transmitted in course of, and in the furtherance of, the provision of legal advice. The document further necessarily discloses the content of legal advice in the transmission email."[12] The plaintiff argues this description is insufficient grounds to assure that privilege applies not only because the log does not support the assertion, but also claiming a document "reflects" legal advice does not make it so. Additionally, some of the documents were attached to emails sent by a third-party or did not identify an attorney as being a sender, recipient, carbon copy recipient, or blind carbon copy recipient to the email.[13]

---

[9] Privilege Log – ECF No. 182-17, Nos. 30, 42, 48–49, 53-54, 56–57, 100, 107.

[10] Protective Order – ECF No. 71 at 11 (Section 14).

[11] Joint Letter – ECF No. 182 at 5.

[12] *Id.* at 6–7.

[13] *Id.* at 5.

WF, apparently, amended the descriptions in an updated privilege log the day before this joint letter was filed and addresses several documents directly.[14]

First, WF describes Line Nos. 100 and 107 as attachments to an attorney-client communication that was "collected and transmitted in course of, and in the furtherance of, the provision of legal advice. The document further necessarily discloses the content of legal advice in the transmission email."[15] WF does not identify an author. Thin as it is, this is an individual description that outlines the basis for asserting privilege. Thus, it abides by the requirements of the case law, and the Protective Order.

Second, Line No. 60 is no longer the subject of a privilege claim. WF produced the document and updated the privilege log the day before filing this letter.[16]

Third, WF assures that it "already agreed to revise" the entry for Line No. 30 because it was authored by an attorney. There is no point in the court issuing a decision on an obsolete description.

Fourth, Line No. 48 was initially authored by a third party, but WF now explains that the document is a part of a communication seeking legal advice by Mr. Pearlman and was sent as an attachment to attorney Carol Bellon. This explanation is sufficient, but must be reflected in the next version of the privilege log.

Fifth, it appears that Line Nos. 53 and 54 are attachments to Line 52 which is a privileged email and the last email in a chain. These documents may be test reports, and may have been some misunderstanding as to what email the documents Line Nos. 53 and 54 were attached. These documents also may have been produced elsewhere in the production, making a ruling on these documents premature. But, to be clear, the attorney-client privilege protects only communications and not underlying facts and, should the attachments contain facts, they cannot be privileged.

---

[14] *Id.* at 6–7.

[15] *Id.* at 6–7; *see* ECF No. 182-18 at 3.

[16] WFM0116117-23.

*Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981). This analysis applies to attachments to any emails.

Sixth, the plaintiff argues that the attachments listed at Line Nos. 30, 42, 49 and 56–57 were all created a year before the parent email was authored. WF sees nothing about that fact that precludes asserting privilege, and again claims the attachment may "divulge the email's contents as an attachment created at the time of transmission."[17] But again, "privilege extends only to communications and not to facts." *Upjohn*, 449 U.S. at 395. WF must provide a privilege log description that provides a basis for asserting privilege over these documents and gives some reason to believe they are not facts mistakenly swept under the attorney-client privilege or produce them.

### 2.2   Privilege claims for documents with no person identified

On January 8, 2021, WF clawed back two documents as privileged but which were inadvertently produced.[18] WFM004077 and WFM0015733. On the September 14, 2021, version of the privilege log, WF apparently fails to describe the documents as being a part of a communication containing or prepared in anticipation of providing legal advice. Instead, one is described as sent to a non-lawyer member of the legal department, and the other was "drafted by Defendant's legal department." These descriptions are insufficient and WF must either amend the privilege log to give a clearer basis for asserting privilege or produce the documents.

### 2.3   "Exclusive Brands Claims Guide"

WF claimed work product privilege over Line Nos. 25, 44–46, and 111–112, before replacing that claim with a privilege claim as the document was attached to an attorney-client email which "necessarily discloses the content of legal advice in the transmission email."[19] This description is

---

[17] Joint Letter – ECF No. 182 at 7.

[18] Email between parties – ECF No. 182-20.

[19] Ex. 4 – ECF No. 182-17.

insufficient. WF must provide a revised description of the document that gives the basis for asserting privilege or produce the document.

## CONCLUSION

In conclusion, the defendants are required to submit a revised privilege log within 14 days of the filing of this order that is consistent with the court's findings above.

**IT IS SO ORDERED.**

Dated: September 30, 2021

_____

LAUREL BEELER
United States Magistrate Judge